[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2006
THOMAS K. KAHN
CLERK

No. 05-17015
Non-Argument Calendar

_____

D. C. Docket No. 05-00240-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE IGNELIO SOLIMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 30, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Jose Ignelio Soliman appeals his concurrent 135-month sentences for:

(1) possession with intent to distribute five kilograms or more of cocaine while on

board a vessel subject to the jurisdiction of the United States, in violation of 46

U.S.C. app. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B). After review, we affirm.

## I. BACKGROUND

On May 30, 2005, the United States Coast Guard ("USCG") spotted a "go-fast" boat alongside a fishing vessel in international waters off the coast of Ecuador. After the two vessels separated, the go-fast boat appeared dead in the water. When the USCG launched an inflatable boat to conduct a boarding, the go-fast boat attempted to escape. A USCG helicopter fired warning shots, which caused the go-fast boat to stop. Before jumping overboard, the four crew members of the go-fast boat were observed removing their clothing, throwing cargo overboard and attempting to set the boat on fire.

The crew was apprehended, including Defendant Soliman. A total of approximately 118 bales of cocaine, weighing approximately 2,676 kilograms, were recovered from the go-fast boat and the surrounding waters. Soliman received approximately $4,400 for his participation in the drug smuggling scheme. Soliman pled guilty to both counts without a plea agreement.

2

The Presentence Investigation Report ("PSI") set Soliman's base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1), based on the 2,676 kilograms of cocaine found on the go-fast boat. With a total offense level of 33 and a criminal history category of I, the PSI recommended an advisory Guidelines range of 135 to 168 months' imprisonment.

At sentencing, Soliman argued that he was entitled to a minor role reduction. The district court overruled Soliman's objection, noting that Soliman was being held accountable for only the amount of drugs found on the go-fast boat, which was a significant amount, and that Soliman's role was the same as his crewmates, except for the captain.

Soliman asked for a sentence below the advisory Guidelines range, noting, among other things, that one of his co-defendant's offense level had been reduced by one level because he had signed a plea agreement. The district court responded that Soliman's co-defendant's appeal waiver justified the reduction. Soliman asked the district court to consider the same reduction for him to avoid a sentencing disparity.

The court adopted the PSI's facts and Guidelines calculations. Before the sentence was imposed, Soliman asked whether the district court would consider "departing down one level" if Soliman agreed to waive his right to appeal. The

3

district court responded, "You know, I'm somewhat hesitant to do that because it's not in writing anywhere. And . . . [Soliman's co-defendant] enter[ed] into a plea agreement, and included in the plea agreement was the waiver of the right to appeal. So . . . I would not consider doing that."

The district court then sentenced Soliman to concurrent 135-month sentences, noting that it had considered the advisory Guidelines and the factors in 18 U.S.C. § 3553(a). The court explained:

> I think if there's any reason for these high sentences, and [the government] has put [its] finger on it, it's deterrence and protection of the public from this large amount of drugs. So, I would find that there's not a reason to go beneath the advisory guidelines pursuant to [§] 3553.

Soliman appealed.

## II. DISCUSSION

Soliman argues that the district court erred by failing to grant him a minor role reduction. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in

4

calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941.

The district court did not clearly err in refusing Soliman a minor role reduction. Under the first prong of De Varon, the district court held Soliman accountable for only the 2,676 kilograms of cocaine found on the go-fast boat. As to the second prong of De Varon, the record indicates that Soliman was at least as culpable as his crewmates, all of whom attempted to throw the cocaine from the boat and set the boat on fire.

Soliman also argues that his 135-month concurrent sentences are unreasonable under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the factors in § 3553(a). See Booker, 543 U.S. at 258-64, 125 S. Ct. at 764-67; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court. United States v. Williams, 435 F.3d 1350, 1354-55

(11th Cir. 2006).

Soliman's sentences are not unreasonable. The 135-month concurrent sentences are at the low end of the Guidelines range and well below the statutory maximum of life imprisonment. The district court indicated that it had considered the § 3553(a) factors and explained that it was not granting Soliman's request for a below-Guidelines sentence because of the need for deterrence and to protect the public in cases involving large amounts of drugs. Indeed, Soliman's offenses involved 2,676 kilograms of cocaine. Contrary to Soliman's assertion, the district court also considered Soliman's argument regarding the lesser sentence of Soliman's co-defendant, but chose not to accept it. The district court need not consider every § 3553(a) factor explicitly and "expound upon how each factor played a role in its sentence decision." United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005). The district court's acknowledgment that it considered the defendant's arguments and the § 3553(a) factors is sufficient. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).[1]

Accordingly, we affirm Soliman's 135-month concurrent sentences.

**AFFIRMED.**

---

[1]In his appellate brief, Soliman attempts to adopt the arguments raised by his codefendant, Manual Estupinan, in Estupinan's separate appeal. Because Estupinan is not a party to this Soliman's appeal, Soliman's attempt to adopt Estupian's arguments is ineffective. See Fed. R. App. P. 28(i).